# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SANDRA MORGAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.:  2:10-CV-1031-VEH |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Commissioner's Motion to Remand and for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g) (the "Motion") filed on October 7, 2010.  (Doc. 12).  The Commissioner contends that a reversal and remand are appropriate so that an administrative law judge can:

> (1) further evaluate Plaintiff's subjective allegations, including her alleged medication side effects and alleged pain, (2) further evaluate Plaintiff's residual functional capacity and the assessed sit/stand option; and (3) further evaluate Plaintiff's severe mental impairment.

(*Id.* at 4).

On October 7, 2010, Plaintiff was ordered to show cause, within fourteen days, why the Commissioner's Motion should not be granted.  (Doc. 13 at 1).  On October

20, 2010, Plaintiff responded that she "has no objection and is in agreement that th[e] Motion to Remand should be granted[.]" (Doc. 14 at 1).

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)). With Plaintiff's consent, the Commissioner's Motion is **GRANTED**. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***

**DONE** and **ORDERED** this the 25th day of October, 2010.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge